UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| | CIVIL ACTION NO: |
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | |
| **Plaintiff** | **COMPLAINT** |
| vs. | |
| **Isaac N. Jones and Laura G. Jones** | RE: 66 Staples Road, Limington, ME 04049 |
| **Defendants** | |
| **North Star Capital Acquisition, LLC** | Mortgage: |
| **LVNV Funding, LLC** | June 17, 2005 |
| | Book 14523, Page 0495 |
| **Parties-in-Interest** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Isaac N. Jones IV and Laura G. Jones, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, and the Defendants, Isaac N. Jones IV and Laura G. Jones, are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a promissory Adjustable Rate Note executed under seal currently owned and held by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendants, Isaac N. Jones IV and Laura G. Jones, are the obligor and the total amount owed under the terms of the Adjustable Rate Note is Two Hundred Thirteen Thousand Eight Hundred Fifteen Dollars and Thirty Eight Cents ($213,815.38), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 13801 Wireless Way, Oklahoma City, Oklahoma 73134

5. The Defendant, Isaac N. Jones IV, is a resident of Limington, County of York and State of Maine.

6. The Defendant, Laura G. Jones, is a resident of Limington, County of York and State of Maine.

7. The Party-in-Interest, North Star Capital Acquisition LLC is located at 220 John Glen Drive, Suite 1, Buffalo, NY 14228.

8. The Party-in-Interest, LVNV Funding, LLC is located at 700 Execute Center Drive, Suite 300, Greenville, SC 29615.

## FACTS

9. On October 16, 1998, by virtue of a Quitclaim Deed Without Covenant from the Maine State Housing Authority, which is recorded in the York County Registry of Deeds in **Book 9096, Page 14**, the property situated at 66 Staples Road, County of York, and State of Maine, was conveyed to the Defendants, Isaac N. Jones IV and Laura G. Jones, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On June 17, 2005, the Defendants, Isaac N. Jones IV and Laura G. Jones, executed and delivered to Home Loan Center, Inc., d/b/a LendingTree Loans a certain Adjustable Rate Note in the amount of $137,700.00. *See* Exhibit B (a true and correct copy of the Adjustable Rate Note is attached hereto and incorporated herein).

11. To secure said Adjustable Rate Note, on June 17, 2005, the Defendants, Isaac N. Jones IV and Laura G. Jones, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Home Loan Center, Inc., d/b/a LendingTree Loans, securing the property located at 66 Staples Road, Limington, ME 04049 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 14523, Page 0495**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to DLJ Mortgage Capital, Inc. by virtue of a Corporate Assignment of Mortgage dated April 14, 2011 and recorded in the York County Registry of Deeds in **Book 16086, Page 76**. *See* Exhibit D (a true and correct copy of the Corporate Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then further assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated August 22, 2016 and recorded in the York County Registry of Deeds in **Book 17315, Page 699**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The transfer of all the rights contained in the Mortgage to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is further ratified and confirmed by the Quitclaim Assignment of Mortgage dated April 5, 2016 and recorded in the York County Registry of Deeds in **Book 17222, Page 328.**  *See* Exhibit F (a true and correct copy of the Quitclaim Assignment of Mortgage is attached hereto and incorporated herein).

15. On March 20, 2010, the Defendant, Isaac N. Jones IV and Laura G. Jones, executed a Home Affordable Modification Agreement which increased the principal amount of the Adjustable Rate Note to $175,187.33.  *See* Exhibit G (a true and correct copy of the Loan Modification is attached hereto and incorporated herein).

16. On January 23, 2013, the Defendants, Isaac N. Jones IV and Laura G. Jones, executed a second Loan Modification Agreement, recorded in the York County Registry of Deeds in **Book 16641, Page 108,** which increased the principal balance of the Adjustable Rate Note to $183,090.00.  *See* Exhibit H (a true and correct copy of the second Loan Modification Agreement is attached hereto and incorporated herein).

17. North Star Capital Acquisition, LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,855.37 dated December 29, 2009, which is recorded in the York County Registry of Deeds in **Book 15809, Page 521** and is in third position behind Plaintiff's Mortgage.

18. LVNV Funding, LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,478.94 dated May 5, 2011, which is recorded in York County Registry of Deeds in **Book 16098, Page 967** and is in fourth position behind Plaintiff's Mortgage.

19. On November 7, 2016, the Defendants, Isaac N. Jones IV and Laura G. Jones, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter and the Certificate of Mailing is attached hereto and incorporated herein).

20. The Demand Letter informed the Defendants, Isaac N. Jones IV and Laura G. Jones, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

21. The Defendants, Isaac N. Jones IV and Laura G. Jones, have failed to cure the default prior to the expiration of the Demand Letter.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Adjustable Rate Note pursuant to possession of the Adjustable Rate Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Adjustable Rate Note and Mortgage.

24. The total debt owed under the Adjustable Rate Note and Mortgage as of February 24, 2017, if no payments are made, is Two Hundred Thirteen Thousand Eight Hundred Fifteen Dollars and Thirty Eight Cents ($213,815.38), which includes unpaid Principal Balance in the amount of One Hundred Seventy Eight Thousand Five Hundred One Dollars and Sixty Eight Cents ($178,501.68); Accrued Interest in the amount of Twenty Seven Thousand Four

Hundred Fifty Dollars and Eighteen Cents ($27,450.18); Escrow/Impound Required in the amount of Six Thousand Two Hundred Seventy One Dollars and Twenty Five Cents ($6,271.25); Late Charges Due in the amount of Five Hundred Eighty Dollars and Thirty Nine Cents ($580.39); Funds to be Credited in the amount of Six Hundred Fifty Nine Dollars and Nine Cents ($-659.09); and Total Advances in the amount of One Thousand Six Hundred Seventy Dollars and Ninety Seven Cents ($1,670.97).

25. Upon information and belief, the Defendants are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

26. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for foreclosure respecting a real estate related Mortgage and title located at 66 Staples Road, Limington, County of York, and State of Maine. *See* Exhibit A.

28. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Adjustable Rate Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Adjustable Rate Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, the Plaintiff has the right to foreclosure upon the subject property.

29. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Adjustable Rate Note.

30. The Defendants, Isaac N. Jones IV and Laura G. Jones, are presently in default on said Mortgage and Adjustable Rate Note, having failed to make the monthly payment due September 1, 2014, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Adjustable Rate Note.

31. The total debt owed under the Adjustable Rate Note and Mortgage as of February 24, 2017, if no payments are made, is Two Hundred Thirteen Thousand Eight Hundred Fifteen Dollars and Thirty Eight Cents ($213,815.38), which includes unpaid Principal Balance in the amount of One Hundred Seventy Eight Thousand Five Hundred One Dollars and Sixty Eight Cents ($178,501.68); Accrued Interest in the amount of Twenty Seven Thousand Four Hundred Fifty Dollars and Eighteen Cents ($27,450.18); Escrow/Impound Required in the amount of Six Thousand Two Hundred Seventy One Dollars and Twenty Five Cents ($6,271.25); Late Charges Due in the amount of Five Hundred Eighty Dollars and Thirty Nine Cents ($580.39); Funds to be Credited in the amount of Six Hundred Fifty Nine Dollars and Nine Cents ($-659.09); and Total Advances in the amount of One Thousand Six Hundred Seventy Dollars and Ninety Seven Cents ($1,670.97).

32. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the Mortgaged premises at issue herein.

33. By virtue of the Defendants' breach of condition, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby demands a foreclosure on said real estate.

34. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Isaac N. Jones IV and Laura G. Jones, on November 7, 2016, as evidenced by the Certificate of Mailing. *See* Exhibit I.

35. The Defendants, Isaac N. Jones IV and Laura G. Jones, are not in the Military. *See* Exhibit J (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT II – BREACH OF ADJUSTABLE RATE NOTE

36. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. On June 17, 2005, the Defendants, Isaac N. Jones IV and Laura G. Jones, executed and delivered to Home Loan Center, Inc., d/b/a LendingTree Loans a certain Adjustable Rate Note in the amount of $137,700.00. *See* Exhibit B.

38. The Defendants, Isaac N. Jones IV and Laura G. Jones, are in default for failure to properly tender the September 1, 2014 payment and all subsequent payments. *See* Exhibit I.

39. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Adjustable Rate Note and is entitled to enforce the terms and conditions of the Adjustable Rate Note due to its breach by the Defendants, Isaac N. Jones IV and Laura G. Jones.

40. The Defendants, Isaac N. Jones IV and Laura G. Jones, having failed to comply with the terms of the Adjustable Rate Note and Mortgage, are in breach of both the Adjustable Rate Note and the Mortgage.

41. The Defendants Isaac N. Jones IV and Laura G. Jones's breach is knowing, willful, and continuing.

42. The Defendants Isaac N. Jones IV and Laura G. Jones's breach has caused the Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

43. The total debt owed under the Adjustable Rate Note and Mortgage as of February 24, 2017, if no payments are made, is Two Hundred Thirteen Thousand Eight Hundred Fifteen Dollars and Thirty Eight Cents ($213,815.38), which includes unpaid Principal Balance in the amount of One Hundred Seventy Eight Thousand Five Hundred One Dollars and Sixty Eight Cents ($178,501.68); Accrued Interest in the amount of Twenty Seven Thousand Four Hundred Fifty Dollars and Eighteen Cents ($27,450.18); Escrow/Impound Required in the amount of Six Thousand Two Hundred Seventy One Dollars and Twenty Five Cents ($6,271.25); Late Charges Due in the amount of Five Hundred Eighty Dollars and Thirty Nine Cents ($580.39); Funds to be Credited in the amount of Six Hundred Fifty Nine Dollars and Nine Cents ($-659.09); and Total Advances in the amount of One Thousand Six Hundred Seventy Dollars and Ninety Seven Cents ($1,670.97).

44. Injustice can only be avoided by awarding damages for the total amount owed under the Adjustable Rate Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

45. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

46. By executing, under seal, and delivering the Adjustable Rate Note, the Defendants, Isaac N. Jones IV and Laura G. Jones, entered into a written contract with Home Loan Center, Inc., d/b/a LendingTree Loans who agreed to loan the amount of $137,700.00 to the Defendants.  *See* Exhibit B.

47. As part of this contract and transaction, the Defendants, Isaac N. Jones IV and Laura G. Jones, executed the Mortgage to secure the Adjustable Rate Note and the subject property. *See* Exhibit C.

48. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Adjustable Rate Note and successor-in-interest to Home Loan Center, Inc., d/b/a LendingTree Loans, and has performed its obligations under the Adjustable Rate Note and Mortgage.

49. The Defendants, Isaac N. Jones IV and Laura G. Jones, have breached the terms of the Adjustable Rate Note and Mortgage by failing to properly tender the September 1, 2014, payment and all subsequent payments. *See* Exhibit I.

50. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Adjustable Rate Note, and is entitled to enforce the terms and conditions of the Adjustable Rate Note due to its breach by the Defendants, Isaac N. Jones IV and Laura G. Jones.

51. The Defendants, Isaac N. Jones IV and Laura G. Jones, having failed to comply with the terms of the Adjustable Rate Note and Mortgage, are in breach of contract.

52. The Defendants, Isaac N. Jones IV and Laura G. Jones, are indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Two Hundred Thirteen Thousand Eight Hundred Fifteen Dollars and Thirty Eight Cents ($213,815.38), for money lent by Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendants, Isaac N. Jones IV and Laura G. Jones.

53. Defendants Isaac N. Jones IV and Laura G. Jones's breach is knowing, willful, and continuing.

54. Defendants Isaac N. Jones IV and Laura G. Jones's breach have caused the Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

55. The total debt owed under the Adjustable Rate Note and Mortgage as of February 24, 2017, if no payments are made, is Two Hundred Thirteen Thousand Eight Hundred Fifteen Dollars and Thirty Eight Cents ($213,815.38), which includes unpaid Principal Balance in the amount of One Hundred Seventy Eight Thousand Five Hundred One Dollars and Sixty Eight Cents ($178,501.68); Accrued Interest in the amount of Twenty Seven Thousand Four Hundred Fifty Dollars and Eighteen Cents ($27,450.18); Escrow/Impound Required in the amount of Six Thousand Two Hundred Seventy One Dollars and Twenty Five Cents ($6,271.25); Late Charges Due in the amount of Five Hundred Eighty Dollars and Thirty Nine Cents ($580.39); Funds to be Credited in the amount of Six Hundred Fifty Nine Dollars and Nine Cents ($-659.09); and Total Advances in the amount of One Thousand Six Hundred Seventy Dollars and Ninety Seven Cents ($1,670.97).
56. Injustice can only be avoided by awarding damages for the total amount owed under the Adjustable Rate Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

57. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 56 as if fully set forth herein.
58. Home Loan Center, Inc., d/b/a LendingTree Loans, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendants Isaac N. Jones IV and Laura G. Jones $137,700.00.  *See* Exhibit B.
59. The Defendants, Isaac N. Jones IV and Laura G. Jones, are in default for failure to properly tender the September 1, 2014 payment and all subsequent payments.  *See* Exhibit I.

60. As a result of the Defendants' failure to perform under the terms of the Adjustable Rate Note and Mortgage, the Defendants, Isaac N. Jones IV and Laura G. Jones, have been unjustly enriched at the expense of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

61. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

62. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and re-alleges paragraphs 1 through 61 as if fully set forth herein.

63. Home Loan Center, Inc., d/b/a LendingTree Loans, predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendants, Isaac N. Jones IV and Laura G. Jones, $137,700.00.  *See* Exhibit B.

64. The Defendants, Isaac N. Jones IV and Laura G. Jones, have failed to repay the loan obligation pursuant to the terms of the Adjustable Rate Note and Mortgage.

65. As a result, the Defendants, Isaac N. Jones IV and Laura G. Jones, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Home Loan Center, Inc., d/b/a LendingTree Loans by having received the aforesaid benefits and money and not repaying said benefits and money.

66. As such, the Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendants, Isaac N. Jones IV and Laura G. Jones, are in breach of the Adjustable Rate Note by failing to make payment due as of September 1, 2014, and all subsequent payments;

d) Find that the Defendants, Isaac N. Jones IV and Laura G. Jones, are in breach of the Mortgage by failing to make payment due as of September 1, 2014, and all subsequent payments;

e) Find that the Defendants, Isaac N. Jones IV and Laura G. Jones, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Isaac N. Jones IV and Laura G. Jones, are in breach of contract by failing to comply with the terms and conditions of the Adjustable Rate Note and Mortgage by failing to make the payment due September 1, 2014 and all subsequent payments;

g) Find that Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Adjustable Rate Note and Mortgage;

h) Find that by virtue of the Adjustable Rate Note and Mortgage, the Defendants, Isaac N. Jones IV and Laura G. Jones, have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j)  Find that the Defendants, Isaac N. Jones IV and Laura G. Jones, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k)  Find that the Defendants, Isaac N. Jones IV and Laura G. Jones, are liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for quantum meruit;

l)  Find that the Defendants, Isaac N. Jones IV and Laura G. Jones, have appreciated and retained the benefit of the Mortgage;

m)  Find that it would be inequitable for the Defendants, Isaac N. Jones IV and Laura G. Jones, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n)  Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendants, Isaac N. Jones IV and Laura G. Jones;

o)  Determine the amount due on said Mortgage and Adjustable Rate Note, including principal, interest, reasonable attorney's fees and court costs;

p)  Additionally, issue a money judgment against the Defendants, Isaac N. Jones IV and Laura G. Jones, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Two Hundred Thirteen Thousand Eight Hundred Fifteen Dollars and Thirty Eight Cents (213,815.38), the total debt owed under the Adjustable Rate Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

> Respectfully Submitted,
> U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
> By its attorneys,

Dated: March 17, 2017

> /s/ John A. Doonan
> John Doonan, Esq. (BBO# 3250)
> Doonan, Graves & Longoria, LLC
> 100 Cummings Center, Suite 225D
> Beverly, MA 01915
> (978) 921-2670